**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Nicholas and Karen Braccia<br>3 Kristin Drive<br>Coatesville, PA 19320 | :<br>:<br>:<br>: |
| Plaintiffs, | :<br>: |
| v. | :<br>: |
| Arlington Capital Mortgage<br>Corporation et al<br>4 Greenwood Square, Ste. 105<br>Bensalem, PA 19020<br>Defendants. | :    CIVIL ACTION NO.: 08-cv-1370<br>:<br>:<br>:JURY OF TWELVE (12) JURORS DEMANDED<br>: |

## ORDER

AND NOW this _____ day of _____, 2009, upon consideration of Defendants' Motion in Limine (to preclude parol evidence), and Plaintiffs' response in opposition thereto, it is hereby ORDERED and DECREED that Defendants' Motion is Denied.

**AND IT IS SO ORDERED.**

 

_____
    Jan E. DuBois, J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

**PROCHNIAK WEISBERG, P.C.**
MATTHEW B. WEISBERG
ATTORNEY ID: 85570
7 SOUTH MORTON AVE.
MORTON, PA 19070
610-690-0801

| | |
|---|---|
| Nicholas and Karen Braccia : | |
| 3 Kristin Drive : | |
| Coatesville, PA 19320 : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | |
| : | |
| Arlington Capital Mortgage : | CIVIL ACTION NO.: 08-cv-1370 |
| Corporation et al : | |
| 4 Greenwood Square, Ste. 105 : | |
| Bensalem, PA 19020 : | JURY OF TWELVE (12) JURORS DEMANDED |
| Defendants. : | |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE PAROL EVIDENCE OF PLAINTIFFS' LOAN TERMS

Incorporating by reference their attached Memorandum of Law, Plaintiffs request this Honorable Court deny Defendants' Motion in Limine.

WHEREFORE, Plaintiffs request this Honorable Court deny Defendants' Motion in Limine.

WEISBERG LAW, P.C.

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

**PROCHNIAK WEISBERG, P.C.**
MATTHEW B. WEISBERG
ATTORNEY ID:  85570
7 SOUTH MORTON AVE.
MORTON, PA  19070
610-690-0801

| | |
|---|---|
| Nicholas and Karen Braccia : | |
| 3 Kristin Drive : | |
| Coatesville, PA 19320 : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | |
| : | |
| Arlington Capital Mortgage : | CIVIL ACTION NO.: 08-cv-1370 |
| Corporation et al : | |
| 4 Greenwood Square, Ste. 105 : | |
| Bensalem, PA 19020 : | JURY OF TWELVE (12) JURORS DEMANDED |
| Defendants. : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE PAROL EVIDENCE OF PLAINTIFFS' LOAN TERMS**

As this Honorable Court has heard our preliminary oral argument as well as trial, Plaintiffs argue Devine's application without more. Devine v. America's Wholesale Lender, 2008 U.S. Dist. LEXIS 73502 (E.D.Pa. September 25, 2008) (citing Yocca v. The Pittsburgh Steelers Sports, Inc., 578 Pa. 479, 854 A.2d 425 (2004)).

Devine revolves around there Plaintiff's attempt to vary the loan terms via an action against its lender. Devine consistent with Yocca held that parol evidence cannot be introduced to vary loan terms, the true terms are evident on the face of the documents. This holding is consistent with Toy's, supra., concept of justifiable reliance.

However, instant Plaintiffs do not disavow their loan terms. That is, Plaintiffs do not contend they were induced to sign the loan by verbal misrepresentations as to what the writing

evinces. Rather, Plaintiffs contend they were fraudulently induced into the brokerage (not loan) transaction via misrepresentations as to what the ultimate terms of the loan would become. Said another way, Plaintiffs do not contend the loan should be different than what is expressed by the loan documents; instead, Plaintiffs were fraudulently induced into the brokerage upon the promise of more beneficial terms (changed at the last-minute). This is an action against the broker not the lender (though instantly they are one and the same).

In any event, the fraud was not induced merely by parol evidence but rather a written Good Faith Estimate and itemized Settlement Sheet (HUD-1).

In interpreting <u>Yocca</u>, <u>Toy</u> stated that justifiable reliance is a question for the trier of fact requiring a consideration of the parties, their relationship, and the circumstances surrounding their transaction. <u>Toy</u>, at 55 (citing <u>Scaife Co. v. Rockwell-Standard Corp.</u>, 446 Pa. 280, 285 A.2d 451, 455 (1971). Instant Plaintiffs are more akin to Plaintiffs in <u>Wilson</u>. <u>Wilson v. Parisi</u>, 549 F.Supp.2d 637 (M.D.Pa. February 26, 2008).

WHEREFORE, Plaintiffs request this Honorable Court deny Defendants' Motion in Limine.

        WEISBERG LAW, P.C.

        <u>/s/ Matthew B. Weisberg</u>
        Matthew B. Weisberg, Esquire
        Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

**PROCHNIAK WEISBERG, P.C.**
MATTHEW B. WEISBERG
ATTORNEY ID:  85570
7 SOUTH MORTON AVE.
MORTON, PA  19070
610-690-0801

| | | |
|---|---|---|
| Nicholas and Karen Braccia | : | |
| 3 Kristin Drive | : | |
| Coatesville, PA 19320 | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| Arlington Capital Mortgage | : | CIVIL ACTION NO.: 08-cv-1370 |
| Corporation et al | : | |
| 4 Greenwood Square, Ste. 105 | : | |
| Bensalem, PA 19020 | :JURY OF TWELVE (12) JURORS DEMANDED | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, Esquire, hereby certify that on this 28th day of October, 2009, a true and correct copy of the foregoing Plaintiffs' Response in Opposition to Defendants' Motion to Exclude Parol Evidence of Plaintiffs' Loan Terms was served via ECF, upon the following parties:

Joseph F. Riga, Esq.
McDowell & Riga
46 West Main Street
Maple Shade , NJ 08052

                WEISBERG LAW, P.C.

                /s/ Matthew B. Weisberg
                Matthew B. Weisberg, Esquire
                Attorneys for Plaintiffs